UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DAVID WARE,**  PLAINTIFF

v.  No. 5:20-cv-78-BJB-LLK

**CITY OF FULTON, ET AL.,**  DEFENDANTS

\* \* \* \* \*

## Opinion and Order

When a party dies, a new party seeking to substitute for the deceased must make a motion "within 90 days after service of a statement noting the death." FED. R. CIV. P. 25(a)(1). Before the 90 days are up, either the Court or a party may move for an extension of this deadline. FED. R. CIV. P. 6(b)(1)(A). Even after the 90 days have lapsed, however, a party may still ask for an extension upon a showing of excusable neglect. FED. R. CIV. P. 6(b)(1)(B); *see Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998); *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017). If a party does not move for substitution or extension within 90 days, a Court must dismiss the case. FED. R CIV. P. 25(a)(1). Because the Plaintiff has taken neither step in this case, the Court must grant Defendants' motion to dismiss.

\* \* \*

David Ware sued several defendants—including the City of Fulton—for excessive force and various related torts stemming from an arrest in May 2019. DN 1-1. Unfortunately, Ware passed away in June 2020. The parties apparently did not attempt to advise the Court of this development until January 5, 2021, however. DN 17, 18. 161 days after notifying the Court, neither a motion for substitution nor a motion for an extension had been made.

So Defendants moved to dismiss. DN 20. In response (DN 21), Ware's lawyer argued only that Covid and probate-court difficulties had caused delays and, as the reply (DN 22) noted, did not move to substitute a new party or request an extension of time. After the Court held a telephonic hearing in order to address these issues, DN 24, Ware's lawyer filed a motion to substitute David Ware's father—also the administrator of Ware's estate—as the plaintiff in this case, DN 26. But, as the Defendants point out, this motion did not ask for an extension of time or argue for excusable neglect. DN 27.

So any argument for an extension or that excusable neglect justifies an out-of-time filing has been forfeited.† And without an extension of time, the motion for substitution falls outside of the required 90-day window. FED. R. CIV. P. 25(a)(1). This requires the Court to deny the motion to substitute and grant the motion to dismiss. *Id.*

Even if the Court liberally construed the Ware response (DN 21) and motion (DN 26) to include a request for an extension of time, the Court could not find excusable neglect. *See Clarkson v. Sherri's Inc.*, No. 2009-017, 2010 WL 4366292, *7 (E.D. Ky. Oct. 27, 2010) (requiring a showing of excusable neglect to grant an extension under such circumstances). Excusable neglect requires the Court to consider:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

As to prejudice and delay, the events at issue in this case occurred more than 2 years ago. Ware died in June 2020. The Court heard about this in January 2021. Yet no motion to substitute materialized until more than 16 months after Ware's

---

† Ware also forfeited any argument that the 90-day requirement has not been triggered because no "statement noting the death" has been issued. FED. R CIV. P. 25(a)(1). Although no party raised this issue, the circuits are split over what qualifies as a "statement noting the death." *Id.* Most circuits have held that "in order for the ninety-day deadline to run under Rule 25, the suggestion of death must have been personally served on the deceased-plaintiff's estate pursuant to Rule 4." *Sampson v. ASC Indus.*, 780 F.3d 679, 682 (5th Cir. 2015) (representative allowed to revive a case because she did not receive personal service of the statement of death); *see also Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (same); *Barlow v. Ground*, 39 F.3d 231, 232–34 (9th Cir. 1994) (same); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (same). If the timing of the statement was keyed to some event other than personal service, the argument goes, then the opposing party could make a suggestion of death and give the estate or attorney for the other party only 90 days to locate a substitute. *See Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969). The Second Circuit has argued, with considerable force, that the text of Rule 25 requires only service on existing parties—not the potential substitute—and that any concerns about unfair timing can be addressed by an extension of time under Rule 6. *Kotler v. Jubert*, 986 F.3d 147, 153–55 (2d Cir. 2021); *see also Unicorn Tales*, 138 F.3d at 470. The Sixth Circuit apparently has not weighed in on this issue. And this Court needn't confront it today because the plaintiff argues—at most—only that his failure to meet the 90-day requirement was excusable, not that no suggestion of death triggered Rule 25's deadline. DN 21.

death and more than 9 months after the Court's notification. DN 21-1. And during this time, memories and evidence surely have faded, even though a pending lawsuit has shadowed the Defendants. Discovery has not even begun. So the delay and its effects are considerable.

To be sure, this transpired during the Covid pandemic. DN 21. Yet Ware's lawyer raised no excuses until *after* the Defendants moved to dismiss, long after the 90-day deadline had passed. The petition for an appointment in the probate court was filed on April 5, nearly a year after Ware's death and months after the Court was notified. DN 26. By contrast, as Defendants point out, the probate court took only three months to appoint an administrator in July. DN 27 at 4. And the motion to substitute was not filed for three more months, in October. DN 26. No reason justifies this lengthy delay, even if it the parties acted entirely in good faith. So the Court would not find excusable neglect even if the parties had properly raised it, and likewise will not grant an extension of time to file a motion for substitution.

The Court denies as untimely the motion to substitute a party (DN 26) and grants Defendants' motion to dismiss (DN 20).

cc: Counsel

Benjamin Beaton, District Judge
United States District Court

November 22, 2021